IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN ACORD, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-11-3591 |
| | § | |
| YOUNG AGAIN PRODUCTS, INC., | § | |
| *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

For the reasons stated on the record during the court's April 26, 2012 status conference, this court denied the plaintiffs' motion to remand based on the improper joinder of defendant McClure and granted, with prejudice and without leave to amend, the defendants' motion to dismiss all defendants but defendant Young Again Products, Inc. based on the Texas qualified-immunity doctrine. (Docket Entry No. 22). The plaintiffs have moved for reconsideration of those rulings. (Docket Entry No. 23). According to the plaintiffs, this court applied the incorrect standard for a motion to remand and incorrectly refused to follow other district-court opinions. (*See id.*, at ¶¶ 4–5).

This court applied long-established Fifth Circuit precedent governing motions to remand removed cases in which an in-state defendant asserts improper joinder. *See, e.g.*, *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011); *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). To "predict[] whether a plaintiff has a reasonable basis of recovery under state law. . . . [t]he court may conduct a Rule 12(b)(6)-type analysis[.]" *Smallwood*, 385 F.3d at 573. The court did just that and followed long-established Texas law that attorneys have "'qualified immunity' from civil liability, with respect to non-clients, for actions taken in connection with representing a client in litigation." *Dixon Fin. Servs., Ltd. v. Chang*, 325 S.W.3d 668, 673

(Tex. App.—Houston [1st Dist.] 2010, pet. denied); *see also, e.g.*, *Finserv Cas. Corp. v. Settlement Funding, LLC*, 724 F. Supp. 2d 662 (S.D. Tex. 2010).  All of the plaintiffs' causes of action against the attorney defendants, including against the lone nondiverse defendant, are based on actions taken in connection with representing their client, Young Again Products.  *Finserv*—a thorough and well-reasoned 2010 opinion by Judge Lake—is directly on point.  The cases cited by the plaintiffs are not.

The plaintiffs' motion for reconsideration, (Docket Entry No. 23), is denied.

SIGNED on May 29, 2012, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge