IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN ACORD, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-11-3591 |
| | § | |
| YOUNG AGAIN PRODUCTS, INC., | § | |
| *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND OPINION

### I.     Background

Young Again Products, Inc. secured a judgment in federal district court in Maryland against the plaintiffs in this case, brothers John and Kenneth Acord and their mother, Marcella Ortega (together, the "Acords"). Because the Acords reside in Texas, Young Again registered the judgment here in the Southern District of Texas. This court issued writs of execution and writs of garnishment allowing Young Again to execute the judgment by levying on the Acords' business assets and real and personal property. (*See* Case No. 09-mc-0282, Docket Entries No. 3–4, 26–33, 108–109). Young Again, through its attorneys, carried out three separate seizures under writs of execution from this court. On August 29, 2009, United States Deputy Marshals seized property located at 1919 and 1935 Cattle Drive in Magnolia, Texas. In December 2009 and continuing to February 2010, Young Again tried

to execute on the order requiring the Acords to transfer certain business assets and the deed to property located at 9022 Deer Lodge Road.  The Acords appealed the orders granting the writs; the Fifth Circuit dismissed the appeal for lack of standing and jurisdiction in a June 2011 per curiam opinion.  *See Young Again Prods., Inc. v. Acord*, 431 F. App'x 308 (5th Cir. 2011) (unpublished).  On October 27, 2010, Deputy Marshals acting at Young Again's direction seized personal property from John Acord's storage unit, including papers having no apparent monetary value.

On August 29, 2011, the Acords sued Young Again and its attorneys in Texas state court.  (Docket Entry No. 1, Ex. 1 at 22–47).  The state-court petition asserted 10 counts.  Count 6 asserted a breach-of-privacy claim for "rummaging through the Plaintiffs [sic] personal papers and records and by seizing and carrying off Plaintiffs [sic] personal papers and private effects."  (*Id.* at 41).

Young Again removed the case on the basis of diversity jurisdiction.  After discovery, Young Again moved for summary judgment as to some of the Acords' claims, including their breach-of-privacy claim.  (Docket Entry No. 25 at 24).  Although Young Again did not move for summary judgment on the claims for wrongful execution, conversion, and trespass arising from the seizure of the contents of John Acord's storage unit, Young Again stated in the motion that it was willing to release those contents back to John Acord.  (*Id.* at 2, 25).

This court referred Young Again's motion for partial summary judgment to Magistrate Judge Milloy.  (Docket Entry No. 34).  Judge Milloy filed a detailed and thorough Memorandum and Recommendation recommending that this court grant Young Again's

motion for partial summary judgment. (Docket Entry No. 36). The Acords filed objections, including to the recommendation that the court enter summary judgment dismissing the breach-of-privacy claim. (Docket Entry No. 37).

This court adopted the Memorandum and Recommendation after conducting a de novo review of Judge Milloy's findings and conclusions. (Docket Entry No. 39). This court overruled the Acords' objections, noting that they asserted the same arguments that Judge Milloy's Memorandum and Recommendation had thoroughly and persuasively addressed and rejected. This court ordered Young Again to file a proposal for releasing the contents of John Acord's storage unit and, if appropriate, a proposed final judgment.

Young Again filed a detailed proposal for releasing the storage unit's contents. In light of the expected return of that property, Young Again asked the court to dismiss the Acords' remaining claims of wrongful execution, conversion, and trespass arising from the seizure of these contents. (Docket Entry No. 42). The Acords opposed the motion to the extent it provided for entry of final judgment as to the breach-of-privacy claim, (Docket Entry No. 43), and sought leave to serve Young Again with written discovery concerning Young Again's alleged copying and dissemination of John Acord's papers, (Docket Entry No. 44).

Based on the pleadings, the motion and responses, the parties' submissions and arguments, and the applicable law,[1] Young Again's proposal for release of the contents seized from John Acord's storage unit and motion for entry of final judgment, (Docket Entry No. 42), is granted. The Acords' motion for leave to file written discovery, (Docket Entry No. 44), is denied. The reasons are explained below.

## II.   Analysis

Young Again's motion first seeks approval of its proposal for releasing the contents seized from John Acord's storage unit. (Docket Entry No. 42). The Acords have not objected to Young Again's detailed proposal. The court accepts Young Again's proposal. A detailed order for the release of the storage unit's contents is separately entered.

The Acords have objected to the proposed entry of final judgment on the breach-of-privacy and "other causes of action related to the illegal use, and misuse, of John Acord's private papers and records." (Docket Entry No. 43 at 4). The only cause of action relating to the "improper use of John Acord's papers" is the breach-of-privacy claim. After Young Again moved for entry of final judgment, the Acords alleged for the first time that Young Again may have copied papers in the storage unit and disseminated them to the Internal Revenue Service, causing the IRS to investigate John Acord. (*See* Docket Entries No. 43–45).

---

[1] On December 4, 2013, Young Again filed a motion to supplement the record with an opinion from the Fifth Circuit Court of Appeals, *Ortega v. Young Again Products, Inc.*, No. 12-20592, 2013 WL 6185498 (5th Cir. Nov. 27, 2013), in which the court affirmed an order that Sean Ortega, the brother of John and Kenneth Acord and son of Marcella Ortega, take nothing from Young Again on his claims that Young Again improperly seized assets to execute on Young Again's Maryland judgment. (Docket Entry No. 47). The motion is granted.

The Acords' only argument against entering judgment on the breach-of-privacy claim is that "John Acord has not consented to a summary disposition of his claims for invasion of privacy." (Docket Entry No. 43 at 4–5). The Acords cite cases holding that a court should not grant summary judgment on its own motion, without providing notice to the nonmoving that the court was considering entering summary judgment or allowing the nonmovant to conduct discovery. (*See id.* at 5 (citing *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011)).

The Acords' contention that the court would be entering judgment on the breach-of-privacy claim "sua sponte" mistakenly conflates the claims for wrongful execution, conversion and trespass arising from the seizure of storage unit with the breach-of-privacy claim, on which Young Again moved for summary judgment. The record clearly shows that the Acords had notice that the court was considering entering summary judgment dismissing the breach-of-privacy claim and could seek discovery on that claim. Young Again moved for summary judgment dismissing the breach-of-privacy claim on May 29, 2012. (Docket Entry No. 25 at 24). The Acords responded solely arguing that they believed Young Again had "improperly" used John Acord's private papers. (Docket Entry No. 32 at 3–4, 13, 22). Young Again replied, addressing the Acords' argument that it breached John Acord's privacy by examining the papers in the storage unit. (Docket Entry No. 33 at 18–19). The Magistrate Judge's Memorandum and Recommendation thoroughly addressed the issue. (Docket Entry No. 36 at 29–31). After the Magistrate Judge filed her Memorandum and Recommendation, the Acords objected, reiterating their claim that Young Again's alleged

examination of John Acord's papers breached his privacy. (Docket Entry No. 37 at 8–9). This court overruled their objection and adopted the Magistrate Judge's Memorandum and Recommendation. The record clearly shows that the Acords had ample notice that the court was asked to enter summary judgment dismissing the breach-of-privacy claim.[2]

The court will enter final judgment on the Acords' breach-of-privacy claim. The Acords' motion to serve written discovery, (Docket Entry No. 44), is denied.

Young Again's motion also seeks entry of final judgment on the claims for wrongful execution, conversion, and trespass arising from the seizure of the contents of John Acord's storage unit. These claims will be moot once the contents of the storage unit are returned. (Docket Entry No. 42 at 8). The Acords have not objected. Final judgment as to the remaining claims is granted.

## III. Conclusion

Young Again's motion to release the contents seized from John Acord's storage unit and motion for entry of final judgment, (Docket Entry No. 42), is granted. The court will enter a separate order effectuating the release of the seized items. Young Again is to file a

---

[2] Moreover, the allegation that Young Again copied or disseminated copies of John Acord's private papers to the IRS is untimely. The Acords did not make this allegation until after this court had adopted the Magistrate Judge's Memorandum and Recommendation and Young Again had filed for entry of final judgment.

proposed order dismissing all claims and entering final judgment. The Acords' motion for leave to serve written discovery, (Docket Entry No. 44), is denied.

SIGNED on March 24, 2014, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge